# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**ROBERT WINBURN,**

       **Plaintiff,**                   **CIVIL ACTION NO. 07-CV-14714-DT**

    vs.

                                   **DISTRICT JUDGE ROBERT H. CLELAND**

**MR. VALONE,**                   **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et. al,**

       **Defendants.**
_____/

## REPORT AND RECOMMENDATION

**I.     RECOMMENDATION:** This Court recommends that the Motion to Dismiss filed by Defendants Ramey, Brown, and Doe (docket no. 21) be **GRANTED**.

**II.     REPORT:**

This matter comes before the Court on the Motion to Dismiss filed by Defendants Ramey, Brown, and Doe pursuant to Fed. R. Civ. P. 12(b)(6).[1] (Docket no. 21). Plaintiff has submitted a Response to the motion. (Docket no. 28). The case was referred to the undersigned for all pretrial proceedings. (Docket no. 8). The motion to dismiss is now ready for ruling.

    *A.     Factual Background and Claims*

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. (Docket no. 1 at 1). Plaintiff is a prisoner of the Michigan Department of Corrections (MDOC) who filed this action *pro se* against Defendants who are MDOC employees and private attorneys. Plaintiff alleges violations

---

[1] Both parties have submitted matters outside of the pleadings in connection with this motion. However, the Court will not consider any such documents. Therefore, the motion will be considered as one to dismiss rather than as a motion for summary judgment.

of his right of access to the courts, retaliation, due process violations, First Amendment violations, and illegal suspension of the right of habeas corpus. (*Id*.). The three Defendants now moving for dismissal of all claims against them are three private attorneys who work for the prison legal writer's program (LWP). (*Id*. at 6). Defendant Ramey is alleged to be the head of the program. (*Id*.). Plaintiff alleges that Defendants have entered into a contract with the State of Michigan to provide legal services to inmates. (*Id*.).

The allegations against Defendants are contained for the most part within paragraphs 88 to 125 of Plaintiff's Complaint. Plaintiff alleges that the LWP is overseen at each prison by the prison librarian. (*Id*. at 20). Plaintiff further alleges that the Defendants maintain a close relationship with the prison librarian, who is Mr. Valone at Plaintiff's prison, and that all information concerning a prisoner's case is transmitted to Defendants through the prison librarian. Plaintiff asked for assistance with his litigation from the LWP. He wished to file an access-to-the-court lawsuit against Defendant Valone for denying legal copies and court access. (*Id*. at 21). Plaintiff alleges that Defendants answered his letter informing him that they could help him with his action against Defendant Valone for denial of access to the courts but that there were a few qualifications. (*Id*. at 22). Plaintiff would have to fully exhaust his administrative remedies, have an actual claim, and, because he was claiming a denial of access to the courts, he would have to show that the denial resulted in actual harm. (*Id*.).

In addition to this civil lawsuit, Plaintiff was communicating with the LWP regarding his petition for habeas corpus. (*Id*. at 22-23). Defendants offered to type Plaintiff's habeas corpus petition for him. (*Id*.). Plaintiff says that he received the typed petition on September 14, 2007, but it was deficient in many ways, such as having typographical errors and omitting necessary

information. (*Id.* at 23-25). Plaintiff also charges that Defendants converted his petition to a Motion for Permission to File a Second or Successive Petition for Habeas Relief under 28 U.S.C. § 2244. Plaintiff contends that Defendants conspired with state prison officials, such as the prison librarian, to interfere with his attempts to prepare legal documents by subjecting his complaints to a merits test, such as the one described earlier, before agreeing to help him initiate a civil action. (*Id.* at 26). Plaintiff also alleges that Defendants denied him legal assistance in filing a mandamus petition, issuing subpoenas for witnesses in a civil action, and initiating an action against court officials for failing to docket and file a motion for reconsideration. (*Id.* at 29-30).

Count 2 of Plaintiff's Complaint raises a claim of denial of access to the courts against Defendants. In Count 6, Plaintiff raises a claim of legal malpractice under state law against Defendants. (Docket no. 1 at 43). Plaintiff seeks injunctive relief and damages.

    *B.*      *Standard of Review*

Defendants move to dismiss Plaintiff's Complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim. Dismissal under this rule is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id.*). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id.*).

    *C.*      *Analysis*

Defendants move to dismiss under several different theories including that under section 1983 they are not state actors. Plaintiff responds that Defendants are state actors because of their

contract with the MDOC to administer the LWP and because Defendants conspired with prison officials to deny him access to the courts. (Docket no. 28).

To establish a violation of 42 U.S.C. § 1983, a plaintiff must show that defendants violated a right secured by the federal constitution or laws and must show that the deprivation was committed by someone acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).[2] It is well established that defense attorneys representing criminal defendants do not act under color of state law for purposes of section 1983. *See Polk Co. v. Dodson*, 454 U.S. 312, 317 (1981) (public defender performing traditional functions of counsel to criminal defendant does not act under color of state law). Court-appointed attorneys also are not considered to be state actors when performing the duties of counsel to a defendant. *See Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2nd Cir. 1997). Courts have extended the reasoning of such cases to find that private attorneys who provide civil legal assistance to inmates pursuant to a contract with the state corrections department are not state actors under section 1983. *Page v. Lantz*, 2005 WL 2548254 (D. Conn. Sept. 26, 2005).

Plaintiff attempts to show state action by alleging a conspiracy among Defendants and state officials. However, his allegations fail to show that anyone conspired to violate his rights. Plaintiff points to the "merits test" that Defendants allegedly informed him must be met before they would assist Plaintiff with his action against the prison librarian. (Docket no. 1 ¶¶ 105, 131). However, the fact that Defendants require inmates to have exhausted their administrative remedies, to have

---

[2] In *West*, the Court held that a physician under contract with the state to provide medical care to inmates was a state actor. The Court noted that unlike an attorney whose professional obligations require him to be the adversary of the state, the physician acts in cooperation and in coordination with prison officials. The Court rejects Plaintiff's attempt to support his argument that Defendants are state actors by relying upon *West* and similar cases which involve professionals other than attorneys. (Docket no. 28 at 19).

a non-frivolous claim, and to be able to show harm for a denial of access claim are all duties required by the law or the attorneys' ethical obligations. *See* 42 U.S.C. § 1997e(a) (requiring administrative exhaustion); Fed. R. Civ. P. 11(b) (requiring non-frivolous claims); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996) (denial of access to courts claim requires showing of prejudice to litigation). The "merits test" fails to show that Defendants conspired with state officials. Plaintiff also argues that the Defendants maintained a close relationship with the prison librarians. This would be expected if, as Plaintiff alleges, the librarians oversee the LWP at the prison. The response of Defendants to Plaintiff's request for help in filing an action against Librarian Valone, that Defendants could assist Plaintiff once the prerequisites for suit were met, works against Plaintiff's argument that Defendants and prison officials were conspiring to deny him access to the courts. Plaintiff only makes conclusory, unsupported allegations of a conspiracy. Allegations of conspiracy lacking specificity are insufficient to show that Defendants are state actors. *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994); *Horton v. Martin*, 137 Fed. App'x 773 (6th Cir. 2005). Finally, as the *Page* case shows, the fact that Defendants entered into a contract to provide legal services to inmates does not convert them into state actors.

Plaintiff has failed to allege sufficient facts showing that Defendants are state actors under 42 U.S.C. § 1983. His federal law claims against them should therefore be dismissed. *See West*, 487 U.S. at 48. Plaintiff also raises state law claims of legal malpractice against Defendants. The Court should dismiss these claims without prejudice so that Plaintiff can seek relief in state court on such claims if he so chooses. *See* 28 U.S.C. § 1367(c)(3) (allowing courts to decline supplemental jurisdiction over claims when court has dismissed all claims arising under original jurisdiction).

**III. NOTICE TO PARTIES REGARDING OBJECTIONS:**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: May 16, 2008    s/ Mona K. Majzoub
             MONA K. MAJZOUB
             UNITED STATES MAGISTRATE JUDGE

**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Robert Winburn and Counsel of Record on this date.

Dated: May 16, 2008    s/ Lisa C. Bartlett
                       Courtroom Deputy