UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**ROBERT WINBURN,**

       **Plaintiff,**         **CIVIL ACTION NO. 07-CV-14714-DT**

   vs.

                         **DISTRICT JUDGE ROBERT H. CLELAND**

**MR. VALONE,**         **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et. al,**

       **Defendants.**
_____/

# REPORT AND RECOMMENDATION

**I.**    **RECOMMENDATION:** This Court recommends that the Motion for Summary Judgment filed by Defendants Birkett, Walker, Valone, Caruso, Good, and Ricumstrict (docket no. 24) be **GRANTED**.

This Court further recommends that Plaintiff's Motion for Partial Summary Judgment (docket no. 30) be **DENIED.**

**II.**    **REPORT**:

This matter comes before the Court on the Motion for Summary Judgment filed by Defendants Birkett, Walker, Valone, Caruso, Good, and Ricumstrict (docket no. 24) and the Motion for Partial Summary Judgment filed by Plaintiff (docket no. 21). The parties have fully briefed these motions. This Court earlier recommended that the Motion for Summary Judgment filed by Defendants Ramey, Brown, and Doe be granted. (Docket no. 37). The case was referred to the undersigned for all pretrial proceedings. (Docket no. 8). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These motions for summary judgment are now ready for ruling.

    **A.**    **Factual Background and Claims**

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. (Docket no. 1 at 1). Plaintiff is a prisoner of the Michigan Department of Corrections (MDOC) who filed this action *pro se* against Defendants who are MDOC employees at Standish Maximum Correctional Facility (SCF) and private attorneys. Defendant Valone is the prison librarian. Defendant Caruso is the Director of the Michigan Department of Corrections. Defendant Good is a prison resident unit officer. Defendant Birkett is the Warden of the prison, and Defendant Ricumstrict is the Assistant Acting Deputy Warden. Finally, Defendant Walker is an assistant resident unit manager.

Plaintiff's Complaint raises six Counts. Count 1 alleges that Defendants Valone and Walker refused to make photocopies of certain court papers and provide sufficient carbon paper to Plaintiff in violation of his First Amendment right to access the courts, his Eighth Amendment right to be free from cruel and unusual punishment, and his equal protection and due process rights. (Docket no. 1). Count 2 alleges that the private attorneys and Defendant Caruso thwarted Plaintiff's access to the courts by implementing a prison policy known as "DOM 2007-5" which created a prison legal writing program (LWP) in which private attorneys and trained personnel assist inmates with legal issues and at the same time prohibited the former practice of inmates receiving legal assistance from fellow inmates. Plaintiff alleges that this policy violates his First Amendment right of access to the courts, his due process, and his equal protection rights. Count 3 raises a claim of retaliation against Defendant Good for allegedly confiscating Plaintiff's footlockers due to Plaintiff filing grievances against Good.

The final three Counts in Plaintiff's Complaint need not be addressed. Plaintiff withdrew Counts 4 and 5 in his Response to this motion. (Docket no. 29 at 13). In Counts 4 and 5 Plaintiff alleges that his placement in protective custody status by Defendants Ricumstrict and Birkett was in retaliation for his filing of complaints. In his Response, Plaintiff withdraws these claims because he has been released from segregation. Therefore, these two Defendants should be dismissed from this action.

In Count 6 Plaintiff alleges state legal malpractice claims against the private attorneys, Ramey, Brown, and Doe. This Court's earlier Recommendation addressed the claims against these three Defendants.

The relevant facts alleged with respect to each Count will be set out below.

**B.     Standard of Review**

Summary judgment is appropriate where "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party has the burden of showing an absence of evidence to support the non-moving party's case. *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 915 (6th Cir. 2000). Once the moving party has met its burden of production, the non-moving party must come forward with significant probative evidence showing that a genuine issue exists for trial. (*Id.*). A mere scintilla of evidence is insufficient to defeat a supported motion for summary judgment; rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

**C.     Analysis**

    **1.     Count 1**

Plaintiff alleges that his constitutional rights were violated when Defendant Valone refused to make photocopies of two documents and when Defendant Walker refused to provide Plaintiff with a sufficient amount of carbon paper for him to make copies. (Docket no. 1). Plaintiff charges that Defendant Valone refused to make a copy of a petition for writ of habeas corpus on July 11, 2007. (Docket no. 1 ¶¶ 25-33). The petition was 63 pages long not including several exhibits. (*Id.*). Plaintiff says that he needed two copies of the petition, was indigent at the time, and applied for but was denied a legal copy loan for these copies. (*Id.*). Plaintiff states that he has attempted to copy the petition but has been "unable to bring it to completion." (*Id.* ¶ 59).

Defendant Valone has submitted an affidavit. (Docket no. 24, ex. 1). He states that he has no knowledge of the 63-page petition for writ of habeas corpus to which Plaintiff refers. (*Id.* ¶ 8). Defendant Valone states however that on July 10, 2007 several items were copied for Plaintiff as shown by a legal photocopy receipt. (*Id.* ¶ 9). The receipt shows that several items related to a petition for writ of habeas corpus were copied including a civil coversheet, evidence report, several affidavits and a Michigan Supreme Court order. (Docket no. 24, ex. 1C). The receipt shows that four copies of 27 pages were made and a loan was made to Plaintiff for the copy charges of $5.40. (*Id.*). Exhibit 1C also includes two copies of legal photocopy disbursement authorizations for Plaintiff. They are both dated July 12, 2007 and one shows that a loan was made for Plaintiff for copying non-reproduceable exhibits. The number of copies corresponds to the receipt discussed above. One of the authorization forms describes the item to be photocopied as "petition for writ of habeas corpus under 28 U.S.C. 2241 (actual innocence)."

Later in Plaintiff's Complaint he returns to discuss his "63-page petition for writ of habeas corpus" and states that on August 24, 2007 the legal writing program attorneys opted to type the petition and that on September 14, 2007 he received his "typed petition with necessary copies." (Docket no. 1 ¶¶ 108-113).

The second document that Plaintiff claims that Defendant Valone refused to copy is an exhibit (a copy of a Motion to File a Second Petition) for a mandamus petition. (Docket no. 1 ¶ 76). This denial allegedly occurred on July 11, 2007, and the reason for the denial was that the document was reproduceable by Plaintiff. Plaintiff says that without the copy of this exhibit he "has been hindered" in filing his mandamus petition. (*Id.* ¶ 83).

Defendant Valone responds to this claim in his affidavit. (Docket no. 24, ex. 1). He states that he concluded that this document was reproduceable by Plaintiff. Defendant Valone also states that

when he received the request to copy he contacted a case manager at the Sixth Circuit Court of Appeals who told Defendant that, based on the case number Plaintiff wrote on the request for copies, the action had been dismissed and would not be restored to the court's active docket. (*Id.* ¶ 24). Plaintiff disputes this by arguing that at the time of denial the only reason given to him was that the document could be reproduced by him by other means, i.e., by using paper, pen, and carbon paper. (Docket no. 29 at 26). Plaintiff admits that in segregation he is given a 4-inch flex pen (an ink pen tube wrapped by soft rubber coating) and carbon paper. (*Id.* at 25). He does not dispute Defendant Valone's statement that prisoners in segregation are also given paper and pencils and access to a typewriter two hours per week. (*Id.*). Plaintiff says that the typewriter is broken and not repaired, however. (*Id.*). The problem, says Plaintiff, is that the flex pen bends when pressed hard enough to write through many layers of carbon paper making it impractical for him to copy a large document. (*Id.*).

Plaintiff's claim against Defendant Walker is that she enforces a policy which limits prisoners to one pack of carbon paper at the time. (Docket no. 1 ¶¶ 60-71). Defendant claims that another prison officer allows them to access as much carbon paper as needed. (*Id.*). This limitation seriously impairs his ability to prepare, complete and finalize a court document, according to Plaintiff. (*Id.*). Plaintiff also claims that the supply of carbon paper is often exhausted and that he has to wait until Defendant Walker "goes up front" to obtain a new supply. (*Id.*).

The only possible constitutional claim stated by the above facts is a First Amendment denial of access to the courts claim. The facts do not support claims of cruel and unusual punishment, an equal protection violation, or a due process violation. In order to state a claim for denial of access to the courts, Plaintiff must show an actual injury to a non-frivolous legal proceeding arising from the defendant's alleged conduct. *Lewis v. Casey*, 518 U.S. 343 (1996); *Colvin v. Schaublin*, 2004 WL 2320322, slip copy at *1 (6th Cir. Sept. 21, 2004). Plaintiff has failed to show any actual injury with respect to

Defendant Valone's refusal to copy Plaintiff's 63-page habeas corpus petition. Plaintiff alleges that he did not file the petition, however only two months after he attempted to have the petition photocopied he received the petition with the needed copies through the legal writers program. There is no showing that this delay of two months caused Plaintiff any actual injury. Moreover, it is apparent that Plaintiff had the ability to prepare hand-written pleadings including petitions for writ of habeas corpus. His argument is that the available method of copying documents, by using the flex pen and carbon copies, was impractical given the length of his petition. However, his right is to access the courts and not to file documents of any length he chooses. Plaintiff fails to show that filing a shorter petition which he could have reproduced himself would have injured him in any way.

Turning now to the refusal of Defendant Valone to photocopy an exhibit for a petition for writ of mandamus, Plaintiff has also failed to show the requisite actual prejudice. Plaintiff does not show that he could not have filed the mandamus petition absent the exhibit. He claims that under the court rules he was required to submit a copy of this exhibit along with the petition. (Docket no. 1 ¶ 81). Yet, he fails to allege or show that he filed the mandamus petition without this exhibit and that the litigation was affected in any adverse manner by its absence. Perhaps the court would have excused the requirement if Plaintiff had explained why the exhibit was absent. Because Plaintiff has failed to show actual injury with regard to Count 1, it should be dismissed along with Defendants Walker and Valone.

  **2.**  **Count 2**

This Count names Defendants Ramey, Brown, Doe, and Caruso. Plaintiff alleges that the Defendants have violated his right of access to the courts and his due process and equal protection rights in connection with the implementation of DOM 2007-5. As stated earlier, this Court has recommended that Defendants Ramey, Brown, and Doe be dismissed because they are not state actors.

Therefore, they will not be further discussed. Director Caruso is the only remaining Defendant named in this Count.

Plaintiff claims that prior to DOM 2007-5 prisoners received legal assistance from other prisoners. (Docket no. 1 ¶¶ 126-151). Plaintiff further claims that the Supreme Court struck down a similar ban on legal assistance among inmates. *See Johnson v. Avery*, 393 U.S. 483 (1969). The only legal assistance available to inmates now is the legal writers program, according to Plaintiff. (*Id.*). Plaintiff also claims that the program only offers help to inmates on habeas corpus and civil actions involving conditions of confinement which amounts to the state creating barriers to inmates in other types of litigation. (*Id.*).

Plaintiff has failed to show that DOM 2007-5 puts prisoners such as himself in circumstances comparable to the circumstances in *Johnson*. In *Johnson* the Court held that "unless and until the State provides some reasonable alternative to assist inmates in the preparation of petitions for post-conviction relief, it may not validly enforce a regulation . . . barring inmates from furnishing such assistance to other prisoners." 393 U.S. at 490.

The policy, DOM 2007-5, is set out in Docket no. 24, ex. 1G. Plaintiff alleges that the policy prevents him from receiving legal assistance from other prisoners. However, the policy also allows Plaintiff to receive legal assistance from the legal writers and the attorneys assigned to that program in connection with habeas corpus petitions and civil actions regarding conditions of confinement. (Docket no. 24, ex. 1G). Therefore, unlike in *Johnson*, there are reasonable alternative in place to assist inmates in the preparation of habeas petitions. The program is limited to assisting inmates with matters relating to their criminal convictions and conditions of confinement. However, these are the areas for which courts have held inmate assistance is constitutionally required. *See Lewis v. Casey*, 518 U.S. at 355. For the other types of cases inmates may wish to file, the policy does not present any obstacles to the

prisoners writing the pleadings themselves and mailing them to the courts. Therefore, Plaintiff has failed to show that Director Caruso through DOM 2007-5 is violating his right of access to the courts or any other of his constitutional rights. This Count should be dismissed along with Director Caruso.

### 3. Count 3

This Count alleges that Defendant Good retaliated against Plaintiff for filing grievances by confiscating Plaintiff's footlockers. (Docket no. 1 at 152-174). Plaintiff alleges that on June 22, 2007 he was permitted to access his three legal footlockers and discovered that on each one a piece of molding was removed. He filed a grievance regarding their condition. Defendant Good then wrote a Notice of Intent to conduct an administrative hearing (NOI) and seized Plaintiff's footlockers because they were damaged or altered property. (*Id.*). Plaintiff claims that his legal papers are now stored in duffle bags and are damaged each time the staff handles or moves the bags. Plaintiff believes that his footlockers were seized only because he filed the grievance when he noticed the damage to his footlockers.

Defendant Good has submitted an affidavit refuting Plaintiff's claims of retaliation. (Docket no. 24, ex. 5). Defendant Good states that he noticed that there was loose metal on Plaintiff's footlockers on June 21, 2007 which could be fashioned into homemade weapons or "shanks." (*Id.*). He removed the metal on June 21 but did not write the NOI until his supervisor told him that the footlockers were altered/damaged and had to be seized on July 10, 2007. (*Id.*). The report of the administrative hearing held by Defendant Good's supervisor reflects that three of Plaintiff's footlockers were seized. (*Id.* ex. 5B). Plaintiff was allowed to transfer the materials in the footlockers to duffle bags for proper storage until he could purchase new footlockers to replace the damaged ones. (*Id.*). Plaintiff was allowed access to the materials in the footlockers throughout this process. (*Id.*). Finally, Plaintiff

states in his Complaint that the Director's office has recommended that he be reimbursed for the cost of his footlockers. (Docket no. 1 ¶ 159).

The elements of a First Amendment retaliation claim are: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two–that is, the adverse action was motivated at least in part by the plaintiff's protected conduct. *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004).

Plaintiff has the right to file non-frivolous grievances against prison officials, thus the first element is established. *Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000). The parties present conflicting evidence on whether a causal connection is established between Plaintiff's filing of his grievance and Defendant Good's actions. The Court does note that RUM Krajnik, against whom Plaintiff does not claim any form of retaliation, was the one who held the administrative hearing on July 12, 2007 which resulted in the permanent removal of Plaintiff's footlockers. This circumstance works against Plaintiff's allegation that the removal of his footlockers was due to Defendant Good's unlawful retaliation. However, the Court need not determine whether the third element of the test is satisfied.

The second element of the test requires a very fact-specific inquiry. In this action, Plaintiff has not shown that any of his legal materials contained in his footlockers were destroyed or that he was unable to access his legal materials for any significant length of time. Plaintiff also has not shown that Defendant Good's action affected any litigation of Plaintiff. Plaintiff's materials were simply transferred to duffle bags. His footlockers were confiscated and not returned, however Plaintiff will be reimbursed for them. No other type of disciplinary action against Plaintiff is alleged. Under these circumstances, a person of ordinary firmness would not be deterred by these actions from filing non-frivolous grievances. *See Oriakhi v. Wood*, 2006 WL 859543 (M.D. Pa. Mar. 31, 2006) (finding no sufficient adverse

act for prisoner's claim of retaliation by receipt of 10 hours of extra duty and a prison officer's search and confiscation of legal materials, absent showing of harm from loss of materials); *Cain v. Herrera*, 2005 WL 3312636 (S.D. Tex. Dec. 7, 2005) (finding no sufficient adverse act for prisoner's claim of retaliation by prison officer sorting through his legal materials, returning them to him with nothing being taken, and with no suggestion of prejudice in any litigation). Plaintiff has failed to establish the second element of a retaliation claim. Therefore, Count 3 and Defendant Good should be dismissed.

### 4. **Counts 4 and 5**

As discussed above, Plaintiff has withdrawn these Counts because he is no longer in protective custody status. (Docket no. 29 at 13).

### 5. **Count 6**

Also as discussed above, this Count was addressed in this Court's earlier Recommendation.

### 6. **Plaintiff's Partial Motion for Summary Judgment**

For the reasons discussed above, and with respect to the Defendants who are private attorneys for the reasons stated in this Court's earlier Recommendation, Plaintiff's Motion for Summary Judgment should be denied.

## III. <u>NOTICE TO PARTIES REGARDING OBJECTIONS:</u>

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401

(6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc. Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains. Not later than ten days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.


Dated: May 21, 2008         s/ Mona K. Majzoub
                            MONA K. MAJZOUB
                            UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Robert Winburn and Counsel of Record on this date.

Dated: May 21, 2008         s/ Lisa C. Bartlett
                            Courtroom Deputy