**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

ROBERT WINBURN,

       Plaintiff,

v.                                  Case No. 07-CV-14714

MR. VALONE, et al.,

       Defendants.

_____/

**OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS,
ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATIONS,
GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT,
GRANTING DEFENDANTS' MOTION TO DISMISS AND
DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

Plaintiff Robert Winburn filed his prisoner civil rights case on November 2, 2007.

On January 18, 2008, Defendants Steven A. Ramey, Peter N. Brown and John Doe

filed their joint motion to dismiss.  On January 30, 2008, Defendants T. Birkett, Walker,

Valone, Patricia Caruso, K. Good and D. Ricumstrict filed a joint motion for summary

judgment and Plaintiff also filed his own motion for partial summary judgment on March

7, 2008.  Magistrate Judge Mona K. Majzoub issued Report and Recommendations

("R&R") for each of these motions, recommending that the court grant Defendants'

motion to dismiss and for summary judgment and that the court deny Plaintiff's motion

for partial summary judgment.  Plaintiff filed objections to the R&Rs and, for the reasons

stated below, the court will overrule the objections and adopt the R&Rs in their entirety.

**I.  FACTS**

Plaintiff's claims against the Defendant attorneys stem from the following facts:

(1) Plaintiff alleges he had one copy of a typed habeas petition, which "was ready for

filing," (Compl. at ¶¶ 27, 29); (2) the prison librarian allegedly refused to grant Plaintiff a photocopy loan, (*id.* at ¶ 33); (3) Defendant attorneys typed the habeas petition and provided Plaintiff with the number of copies needed for filing, but with alleged errors and omissions, (*id.* at ¶¶ 113, 115-22); (4) Plaintiff allegedly wrote a letter to Defendant Ramey about the flaws that he allegedly ignored, (*id.* at ¶ 123); and (5) Plaintiff's footlocker was allegedly confiscated in retaliation for his complaints (*id.* at ¶ 208). Plaintiff does not allege he ever attempted to file the habeas petition prepared by the Defendant attorneys.

## II.  STANDARD

### A.  Motion to Dismiss

When ruling on a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Evans-Marshall v. Board of Educ.,* 428 F.3d 223, 228 (6th Cir. 2005); *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir. 2002).  In doing so, "the court must draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).  Yet, the court "need not accept as true legal conclusions or unwarranted factual inferences." *Gregory v. Shelby County*, 220 F.3d 433, 466 (6th Cir. 2000).  Although a heightened fact pleading of specifics is not required, the plaintiff must bring forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,1974 (2007).

Though decidedly liberal, this standard of review does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996).

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the complaint's allegations are true.

*Twombly*, 127 S.Ct. at 1964-65 (citing Fed. R. Civ. P. 8(a)). Further, the complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (abrogated on different grounds by *Twombly*, 127 S.Ct. 1955). In application, a "complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted). A court cannot grant a motion to dismiss under Rule 12(b)(6) based upon its disbelief of a complaint's factual allegations. *Wright v. MetroHealth Med. Ctr.*, 58 F.3d 1130, 1138 (6th Cir. 1995).

"In determining whether to grant a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint, also may be taken into account." *Amini v. Oberlin College*, 259 F.3d 493, 502 (6th Cir. 2001) (emphasis omitted) (quoting *Nieman v. NLO, Inc.*, 108 F.3d 1546, 1554 (6th Cir. 1997)).

## B.  Summary Judgment

Under Federal Rule of Civil Procedure 56, summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). "In deciding a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences in that party's favor." *Sagan v. United States*, 342 F.3d 493, 497 (6th Cir. 2003). "Where the moving party has carried its burden of showing that the pleadings, depositions, answers to interrogatories, admissions and affidavits in the record, construed favorably to the non-moving party, do not raise a genuine issue of material fact for trial, entry of summary judgment is appropriate." *Gutierrez v. Lynch*, 826 F.2d 1534, 1536 (6th Cir. 1987) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)).

The court does not weigh the evidence to determine the truth of the matter, but rather, to determine if the evidence produced creates a genuine issue for trial. *Sagan*, 342 F.3d at 497 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The moving party must first show the absence of a genuine issue of material fact. *Plant v. Morton Int'l, Inc.*, 212 F.3d 929, 934 (6th Cir. 2000) (citing *Celotex*, 477 U.S. at 323). The burden then shifts to the nonmoving party, who "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). They must put forth enough evidence to show that there exists a genuine issue to be decided at trial. *Plant*, 212 F.3d at 934 (citing *Anderson*, 477 U.S. at 256). Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Anderson*, 477 U.S. at 251-52 (1986).

4

The existence of a factual dispute alone does not, however, defeat a properly supported motion for summary judgment – the disputed factual issue must be material. *See id.* at 252 ("The judge's inquiry, therefore, unavoidably asks whether reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict – 'whether there is [evidence] upon which a jury can properly proceed to find a verdict for the party producing it, upon whom the *onus* of proof is imposed.'" (alteration in original)(citation omitted)).  A fact is "material" for purposes of summary judgment when proof of that fact would establish or refute an essential element of the claim or a defense advanced by either party.  *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984) (citation omitted).

## C. Timely Objections and *De Novo* Review

The filing of timely objections requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1); *see United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  This *de novo* review, in turn, requires this court to re-examine all the relevant evidence previously reviewed by the magistrate to determine whether the recommendation should be accepted, rejected, or modified in whole or in part.  28 U.S.C. § 636(b)(1).  The court may "receive further evidence" if desired.  *Id.*

A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  *Walters*, 638 F.2d at 949-50.  The Supreme Court

upheld this rule in *Thomas v. Arn,* 474 U.S. 140 (1985), a habeas corpus case.  The

Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the

district judge to focus attention on those issues--factual and legal--that are at the heart

of the parties' dispute."  *Id.* at 147 (footnote omitted).

Further, "[o]nly those specific objections to the magistrate's report made to the

district court will be preserved for appellate review; making some objections but failing

to raise others will not preserve all the objections a party may have."  *Smith v. Detroit*

*Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).

### III.  DISCUSSION

To make out a claim under section 1983, a plaintiff "must show 1) the deprivation

of a right secured by the Constitution or laws of the United States and 2) the deprivation

was caused by a person acting under color of state law."  *Street v. Corrections Corp. of*

*Am.*, 102 F.3d 810, 814 (6th Cir. 1996) (citations and footnote omitted).  Plaintiff alleges

that his First Amendment right to access the courts was violated.

### A.  Motion to Dismiss

In the R&R, the magistrate judge recommends dismissing the section 1983

claims against the Defendants because "Plaintiff has failed to allege sufficient facts

showing that Defendants are state actors under 42 U.S.C. § 1983."  (R&R at 5.)

Furthermore, the R&R recommends dismissing the state claims without prejudice,

because the federal claims have been dismissed.  (*Id.*)  Plaintiff has made four

objections to the R&R.

### 1.  Objection #1

6

First, Plaintiff argues that the magistrate judge erred by not converting the motion to dismiss into a motion for summary judgment, and that he "erred in wholly excluding the document and affidavit of Plaintiff submitted in Opposition to Motion to Dismiss . . . ." (Pl.'s Obj. at 1-2.)[1]  However, although a judge may consider evidence outside of the pleadings and convert the matter to a motion for summary judgment, he does not have to do so:

> When one or both parties present matters outside the pleadings in conjunction with a Rule 12(b)(6) motion, the Court may, at its discretion, either consider these matters and convert the motion to one for summary judgment or exclude the extra-pleading materials and apply the standard set forth in Rule 12(b)(6).

*McKee Foods Corp. v. Pitney Bowes, Inc.*, 2007 WL 896153, 1 (E.D. Tenn. 2007) (citing Fed. R. Civ. P. 12(b); *Shelby County Health Care Corp. v. S. Council of Indus. Workers Health & Welfare Trust Fund,* 203 F.3d 926, 931 (6th Cir. 2000); *Aamot v. Kassel,* 1 F.3d 441, 443 (6th Cir. 1993); *Batt v. United States,* 976 F.Supp. 1095, 1096-97 (N.D. Ohio 1997) ("The decision to exclude material outside the pleadings is entirely within the discretion of the trial court.")).  Therefore, for the above stated reasons, the magistrate judge may exclude Plaintiff's extrinsic evidence and decide it as a motion to dismiss.[2]

**2.  Objection #2**

---

[1]Plaintiff further alleges that ". . . the Magistrate appeared to rely on the extrinsic information provided by Defendant attorneys . . . ."  (Pl.'s Obj. at 2.)  However, the Plaintiff fails to show anywhere in the record that this is the case.

[2]Even if the court were to consider the alleged statement made by the Librarian to the Plaintiff in connection to his conspiracy claim (referenced in his objection as being part of his affidavit) he would still be unable to make out all of the required elements for a conspiracy.

Second, Plaintiff objects, arguing that the magistrate's determination that the

Defendants are not acting under color of state law was in error.  (Pl.'s Obj. at 3.)  In the

R&R, the magistrate judge first considered whether the Defendant attorneys would be

acting under the color of state law without the allegations of conspiracy.   After

reviewing the treatment of public defenders[3] and court appointed attorneys, the

magistrate judge concluded that "[c]ourts have extended the reasoning of such cases to

find that private attorneys who provide civil legal assistance to inmates pursuant to a

contract with the state corrections department are not state actors under section 1983.

*Page v. Lantz*, 2005 WL 2548254 (D. Conn. Sept. 26, 2005)."  (R&R at 4.)  Plaintiff

appears to object to this, stating:

> [T]he Magistrate erred in finding Defendant attorneys could not be held
> liable as joint actors on this record, and by carving out an exception to the
> State actor precedent, by virtue of their status as attorneys, as opposed to
> a doctor, etc.. [sic] Private parties who violate a person's constitutional
> rights have repeatedly been held liable under 42 U.S.C. section 1983.
> [citing to cases not involving attorneys].  Defendant attorneys should not
> be permitted to escape liability simply because they are attorneys.

(Pl.'s Obj. at 4-5.)  While it is true that private parties can be state actors, Plaintiff's

reliance on *West* and other cases not involving attorneys[4] in this context is misplaced.

The doctors in *West* are unlike the attorney Defendants.[5]  *West v. Atkins*, 487 U.S. 42,

---

[3]"[A] public defender does not act under color of state law when performing a
lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Polk
County v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted).

[4]Plaintiff offers no argument as to how the Defendant attorneys are sufficiently
similar to private parties running prisons.

[5]"In *West*, the Court held that a physician under contract with the state to provide
medical care to inmates was a state actor.  The Court noted that unlike an attorney
whose professional obligations require him to be the adversary of the state, the
physician acts in cooperation and in coordination with prison officials."  (R&R at 4, n.2.)

51 (1988) ("In contrast to the public defender, Doctor Atkins' professional and ethical obligation to make independent medical judgments did not set him in conflict with the State and other prison authorities.  Indeed, his relationship with other prison authorities was cooperative.").  Just as the public defender is in conflict with the state, so too are private attorneys contracted by the MDOC to assist prisoners with their legal action against the state.  In the present case, Plaintiff was in contact with Defendant attorneys regarding his habeas petition and his civil rights action against the prison librarian. Plaintiff has failed to articulate an argument as to why, for the purposes of state action under section 1983, Defendant attorneys are not analogous to public defenders.  *Page v. Lantz*, 2005 WL 2548254, at *4 (D. Conn. Sept. 26, 2005)  ("[Defendant] [a]ttorneys . . . acting as private attorneys in performing obligations under contract with the Department of Correction . . . are not acting under color of state law.").  Therefore, without the allegations of conspiracy or an unconstitutional policy, the Defendant attorneys are not subject to liability under section 1983.

However, Plaintiff further objects, arguing that attorneys that conspire with state officials act under the color of state law and that the magistrate was in error by not finding the existence of such a conspiracy.  (Pl.'s Obj. at 4.)  The Sixth Circuit has outlined the standard for reviewing a section 1983 conspiracy claim:

> A civil conspiracy is an agreement between two or more persons to injure another by unlawful action.  Express agreement among all the conspirators is not necessary to find the existence of a civil conspiracy. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved.  All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

*Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) (quoting *Hooks v. Hooks*, 771

F.2d 935, 943-44 (6th Cir. 1985) (internal citations omitted)).

In the complaint, it appears that Plaintiff contends there is a conspiracy to deny

prisoners access to the courts.  Plaintiff alleges that because the Defendant attorneys

have a multi-million dollar contract with the state and have a "merit" test,[6] this tends to

show there is a conspiracy.  However, having a contract with the government and

requiring a prisoner's claims to be meritorious in order to provide them with assistance

does not tend in any way to show there is a conspiracy, nor does the fact the librarian

communicates frequently with the Defendant attorneys.  As the magistrate judge

correctly states: "Allegations of conspiracy lacking specificity are insufficient to show

that Defendants are state actors.  *Hunt v. Bennett*, 17 F.3d 1263, 1268 (10th Cir. 1994);

*Horton v. Martin*, 137 F. App'x 773 (6th Cir. 2005)."  (R&R at 5.)  "Claims of conspiracy

must be pled with some specificity: vague and conclusory allegations that are

unsupported by material facts are not sufficient to state a § 1983 claim."  *Farhat v.*

*Jopke* 370 F.3d 580, 599 (6th Cir. 2004) (citing *Gutierrez v. Lynch,* 826 F.2d 1534, 1538

(6th Cir. 1987) (citation omitted)).

In an attempt to bolster the aforementioned vague allegations of conspiracy,

Plaintiff objects to the magistrate judge's focus on the merit test and argues there is

something much more complicit: that Defendants were in a conspiracy with the

---

[6]When Plaintiff refers to the merit test, (Compl. at ¶ 134), Plaintiff appears to be
alluding to Defendant attorneys' answer to the Plaintiff's request for assistance with
suing the librarian for denial of access to the courts: "First, as you know, you will have to
go through all 3 steps of the grievance procedure.  Second, *you will have to have an*
*actual claim*.  With claims regarding access to the courts, the only cognizable claims . . .
are if the denial of access to the courts results in actual harm . . . ." (*Id.* at ¶ 105.)

Librarian.  (Pl.'s Obj. at 4.)  Plaintiff asserts that because Defendant attorneys allegedly

became quite interested in the Plaintiff's habeas petition, took him off of the waiting list

(Compl. at ¶ 106), and typed it for him (which could remedy his complaint against the

librarian, thereby mooting his civil rights claim for denial of access to the courts), this

shows there is a conspiracy, (*id.* at ¶¶ 111-113).  Defendant attorneys' decision to type

Plaintiff's habeas petition does not, in and of itself, constitute unlawful action.  Even if

the Defendant attorneys typed it in order to moot the Plaintiff's claim against the

librarian, doing so is not illegal, and consequently does not suggest there was an

agreement to injure another by unlawful action.[7]  Far from showing an attempt by the

Defendant attorneys to deny access of Plaintiff attorneys to the court, Defendant

attorneys' willingness to type Plaintiff's habeas petition demonstrates their role granting

Plaintiff access to the courts.

Moreover, the allegations that the typed habeas petition had numerous typos,

procedural defects and omitted parts of the Plaintiff's argument does not support

allegations of conspiracy.  Plaintiff alleging that Defendant attorneys have a multi-million

dollar contract with the government, that Defendant attorneys require the claim have

merit and that the assistance that Defendant attorneys initially provided was seriously

flawed may suggest negligence, but does not allege intentional conduct sufficient to

---

[7]Even if the statement by the librarian contained in the affidavit submitted with his brief were considered, all elements of a conspiracy would still not be made out.  "I spoke with Ramey, and your request for legal assistance to sue me is now moot, so you don't qualify for legal assistance for commencing a suit against me.  You don't have an actual claim.  Ramey runs the show, and were [sic] done with you. (See Brief in Support of Plaintiff's Response to Defendants Motion to Dismiss with Appendix A therein, Declaration in Opposition to Defendants to Dismiss, at pg. 3, paragraph 15)." (Pl's Obj. at 1.)

support conspiracy or liability for a state actor under section 1983.  *See Davidson v.*

*Cannon,* 474 U.S. 344, 348 (1986) (finding that, as a general rule, a plaintiff must allege

that the deprivation of his rights was intentional or the result of gross negligence);

*Chesney v. Hill,* 813 F.2d 754, 755 (6th Cir. 1987) (stating that mere negligence is not

actionable under § 1983).  Indeed, Plaintiff himself seems to imply that Defendants'

conduct constituted simple negligence when he alleges that "Defendant attorneys . . .

were in such a hurry to halt a civil action against Defendant Librarian Valone, that they

slapped dashed a pleading which was flagrantly inept, defective, and contrary to

established rules, statutes and mandates."  (Compl. at ¶ 115.)  Although Plaintiff may

assert that the habeas petition he received is defective, there are not sufficient material

facts alleged to make more than conclusory allegations that such deficiencies and

conduct was intentional.  *See Jones v. Sherrill,* 827 F.2d 1102, 1106 (6th Cir.1987)

(noting that negligence does not become gross simply by saying so; facts must charge

government officials with outrageous conduct or arbitrary use of governmental power).

Furthermore, the Plaintiff has failed to make sufficient allegations that he suffered

any injury as a result of the allegedly seriously flawed habeas petition, because he

failed to make reasonable efforts to file the petition.

> To state a claim for denial-of-access to the courts, a prisoner must
> demonstrate actual prejudice to pending or contemplated litigation.  *See*
> *Lewis,* 518 U.S. at 351, 116 S.Ct. 2174.  Under the mandate of *Bounds v.*
> *Smith,* "an inmate cannot establish relevant actual injury simply by
> establishing that his prison's law library or legal assistance program is
> subpar in some theoretical sense."  430 U.S. 817, 97 S.Ct. 1491, 52
> L.Ed.2d 72 (1977).  Instead, an inmate "must go one step further and
> demonstrate that the alleged shortcomings in the . . . legal assistance
> program hindered his efforts to pursue a legal claim."  *Id.* at 351, 116 S.Ct.
> 2174.  Thus, examples of actual prejudice include having a case
> dismissed, being unable to file a complaint, and missing a court-imposed
> deadline.  *See id.; Walker v. Mintzes,* 771 F.2d 920, 932 (6th Cir.1985).

*J.P. v. Taft*, 439 F.Supp.2d 793, 807 (S.D.Ohio 2006).  After receiving the allegedly defective petition, Plaintiff alleges to have "wr[itten] Defendant Ramey concerning the above failings but his letter was ignored," (Compl. at ¶ 123), but failed to file the petition and show that he suffered actual prejudice.  If Plaintiff had tried to file it, and it had been dismissed because of the errors Plaintiff complained of, then Plaintiff could establish a genuine issue of fact regarding actual prejudice.  Without filing the petition and having it rejected, however, Plaintiff's claim that the alleged deficiencies or technical errors in Plaintiff's petition prejudiced him is unsupported.  *Swekel v. City of River Rouge*, 119 F.3d 1259, 1264 (6th Cir. 1997) ("Before filing an 'access to courts' claim, a plaintiff must make some attempt to gain access to the courts; otherwise, how is this court to assess whether such access was in fact 'effective' and 'meaningful'?").  Therefore, Plaintiff's failure to attempt to file the typed petition is fatal to his claim that he was deprived access to the courts.

### 3.  Objection #3

Third, Plaintiff objects, arguing that "[t]he Magistrate ignored or failed to discuss the alterative claim for relief . . . that Defendant attorneys have acted with 'deliberate indifference' to Plaintiff's First Amendment right of access to the courts in preparing a non-conforming and defective pleading, pursuant to an official custom, policy or practice," (Pl.'s Obj. at 5), and that ". . . Defendant attorneys may properly be held liable if he or she develops an unconstitutional policy or if he or she allows an unconstitutional policy to continue," (*id.* at 6 (citations omitted)).

Plaintiff has failed, however, to identify the supposedly unconstitutional policy in his complaint.  "This circuit has stated that to satisfy the *Monell* requirements a plaintiff

13

must identify the policy, connect the policy to the city itself and show that the particular

injury was incurred because of the execution of that policy." *Garner v. Memphis Police

Dept.* 8 F.3d 358, 364 (6th Cir. 1993) (quotation and citations omitted).  Therefore, the

magistrate judge did not error by not addressing this facially deficient alternative

argument.

Moreover, Plaintiff failed to adequately allege any injury or prejudice resulting

from Defendant's conduct, for the reasons stated above.  "'Under *Monell,* the

[defendants] cannot be found liable unless the plaintiff can establish that an officially

executed policy, or the toleration of a custom . . . leads to, causes, or results in the

deprivation of a constitutionally protected right.'"  *Powers v. Hamilton County Public

Defender Com'n*, 501 F.3d 592, 607 (6th Cir. 2007) (quoting *Doe v. Claiborne County*,

103 F.3d 495, 507 (6th Cir. 1996)) (modification in *Powers*).  Without filing the petition

and having it rejected, Plaintiff's claim that the alleged deficiencies or technical errors in

Plaintiff's petition are prejudicial is unsupported.  Therefore, Plaintiff's failure to attempt

to access the courts is another basis upon which to dismiss his complaint.

### 4.  Objection #4

Fourth, Plaintiff objects, arguing that "[t]he Magistrate ignored or disregard[ed]

the controlling standards for evaluating a motion to dismiss."  (Pl.'s Obj. at 6.)  However,

Plaintiff does not explain how the magistrate has failed to follow the appropriate

standards, and instead simply asserts that, "[i]n this case, the Magistrate failed to give

every favorable inference that may be drawn from the allegations of fact.  Indeed, the

Magistrate gave it none."  (*Id.*)  Where, as here, Plaintiff has failed to make adequate

allegations for recovery under some viable legal theory in their complaint, dismissal is

14

appropriate: " [a] complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Lillard*, 76 F.3d at 726 (citation omitted).  Therefore, the court will overrule Plaintiff's fourth objection.

### B.  Motions for Summary Judgment

Plaintiff's sixth objection to the R&R, which recommended granting Defendants' motion for summary judgment and denying Plaintiff's motion for summary judgment, relates to Plaintiff's retaliation claim.  Plaintiff contends that his footlocker was confiscated because of his complaints regarding his inability to access the courts.  In the R&R, the magistrate judge concluded that although Plaintiff engaged in protected speech, no "adverse action was taken against him that would deter a person of ordinary firmness from continuing to engage in that conduct."  (R&R at 9 (citing *Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004).)  Specifically, the R&R noted that the legal materials Plaintiff kept in his footlocker were unharmed, and even though the broken and dangerous footlocker was taken, Plaintiff was being fully reimbursed for their original value.  (*Id.*)  In his objections, Plaintiff does not contest these findings, but instead argues that because he has a negative prison account balance, that reimbursed amount will be applied to the amount owing and he will not be able to use it to replace the footlockers.  (Pl.'s Obj. at 10.)  Plaintiff also argues that "whether the seizure of Plaintiff's footlockers was sufficient adverse action to deter an ordinary person of firmness from engaging in protected activity[] is clearly a jury question."  (*Id.* at 11.)  The court disagrees and finds that the removal of Plaintiff's footlockers (which contained sharp metal pieces that could be turned into shanks) and transfer of Plaintiff's

15

belongings to duffle bags would not deter a person of ordinary firmness from pursuing their legal claims.  The fact that Plaintiff has a large prison account deficit does not change the court's calculus.  Plaintiff's objection will therefore be overruled.

Plaintiff's remaining objections to the R&R regarding the cross motions for summary judgment are, in substance, duplicates of Plaintiff's objections to the R&R regarding Defendant's motion to dismiss.  Accordingly, these objections will be overruled for the same reasons.

## IV.  CONCLUSION

IT IS ORDERED that Plaintiff's motion to accept his objections [Dkt. # 40] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's objections [Dkt. # 39 and # 41] are OVERRULED and the Magistrate Judge's Report and Recommendations [Dkt. # 37 and # 38] are ADOPTED IN FULL AND INCORPORATED BY REFERENCE.

IT IS FURTHER ORDERED that Defendants' motion to dismiss [Dkt. # 21] and Defendants' motion for summary judgment [Dkt. # 24] are GRANTED and Plaintiff's motion for partial summary judgment [Dkt. # 30] is DENIED.

                                                  s/Robert H. Cleland
                                                  ROBERT H. CLELAND
                                                  UNITED STATES DISTRICT JUDGE

Dated:  September 5, 2008

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, September 5, 2008, by electronic and/or ordinary mail.

 s/Lisa Wagner
Case Manager and Deputy Clerk
(313) 234-5522